# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| **LORENZO POSADA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) Case No.  7:10-CV-2555-SLB |
| | ) |
| **COOPER WOOD SPECIALTIES, INC.;** | ) |
| **JOHN COOPER,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION

The case is presently pending before the court on the parties' Joint Motion for Approval of Settlement.  (Doc. 16.)  For the reasons set forth below, the court find the parties' Motion is due to be granted.

The court notes:

[T]he FLSA's [provisions] are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945).  The first exception is that the Secretary of Labor may supervise the payment of back wages to employees; employees who accept such payments waive their rights to bring suits for liquidated damages, provided the employer pays the back amount in full.  29 U.S.C. § 216(c); *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).

The second route to settlement, and the one that is applicable here, occurs when an employee brings a private action for back wages under 29 U.S.C. § 216(b); the employee and employer present a proposed settlement to the district court, and the district court reviews the judgment and enters it as a stipulated judgment. *Lynn's Food Stores*, 679 F.2d at 1354 ("Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by employees provides some assurance of an adversarial context.  The employees are likely to be



> represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching.").
>
> In reviewing a settlement of an FLSA private claim, a court must "scrutiniz[e] the settlement for fairness," *id*. at 1353, and determine that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions," *id*. at 1355. "If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] . . . the district court [may] approve the settlement in order to promote the policy of encouraging settlement of litigation." *Id*. at 1354.

*Stalnaker v. Novar Corp*., 293 F. Supp. 2d 1260, 1262-63 (M.D. Ala. 2003).

The parties have represented to the court –

1. The Plaintiff Lorenzo Posada, filed this action on September 20, 2010. The Plaintiff contended that he was entitled to recover from the Defendants unpaid overtime wages pursuant to 29 U.S.C. § 216(b). The crux of Plaintiff's FLSA claims is that he was improperly paid on a daily rate that did not take into hours worked, resulting in uncompensated overtime for certain weeks. Defendants denied all allegations, and defended the same, both on a factual and legal basis. The existence and amount, if any, of any such uncompensated "overtime" work was greatly disputed.

2. Counsel for the Parties have formally and informally exchanged a large volume of payroll and personnel data in connection with the evaluation and negotiation of this settlement.

3. A separate individualized weekly analysis of time and payroll records was performed for the Plaintiff by, or at the direction of, the Parties' respective counsel and compared with the allegations and claims made by the Plaintiff, considering the Plaintiff's job classification. From this individualized analysis of the disputed fact and the law, the Parties negotiated and determined the settlement amounts to be paid to the Plaintiff as set forth in the Stipulation of Settlement below.

4. Counsel for the Parties reached an agreement to settle this action contingent upon the Court's approval. The Parties' Stipulation of Settlement is as follows:

a. Cooper Wood Specialties, Inc. and John Cooper shall be dismissed from this action, with prejudice, as it pertains to the claims of the Plaintiff, each party to bear their and its own attorneys' fees and costs, except for as provided in subsection c, below;

b. Defendants shall pay Lorenzo Posada aggregate gross settlement proceeds of $3,250 by paying to him $1,625 payment, denominated as wages, less the deduction of any taxes and any amounts required by law to be withheld from that check, an additional payment of $1,625 as liquidated damages from which there will be no amounts withheld.

c. Defendants shall pay Plaintiff['s] counsel, for attorneys' fees and reimbursement of costs expended in the prosecution of this action, the collective amount of $3,250;

d. Plaintiff shall acknowledge his individual consent to this settlement and shall waive and release all claims against Cooper Wood Specialties, Inc. and John Cooper in writing;

e. Plaintiff shall return to Defendants certain tools that are the property of the Defendants[;]

f. Neither the payments herein nor the Order Approving Settlement shall constitute or shall heretofore be represented as any admission, finding, conclusion or judgment of an FLSA violation on behalf of the Defendants or liability to the Plaintiff, or any other violation or liability whatsoever, including liability for liquidated damages;

g. Defendants will pay Plaintiff's counsel for attorneys' fees and reimbursement of costs set forth in sub-paragraph c, and will provide all of the checks as set forth in this Stipulation of Settlement to Plaintiff's counsel, within seven days (7) days of the date the Court enters approval of the settlement, if not prior to.

6. Each party to this Agreement has had a full informed opportunity to review and analyze the voluminous payroll, personnel data and the

>individualized calculations made by the other party. Furthermore, the Parties reviewed and analyzed the defenses asserted by Defendants. While the Parties are not in agreement about all the inferences that might properly be drawn from such, they are confident that continued litigation of this cause would not produce results more economically beneficial than this stipulated compromise settlement submitted to the Court.
>
>7. Defendants deny any liability whatsoever, but the Parties recognize that these claims would require the Parties to incur substantial fees and costs to litigate to final judgment and that a "take nothing" judgment by jury trial would be uncertain. Plaintiff shares Defendants' concerns about litigation costs and recognize the risk of a summary judgment being granted against Plaintiff's claims, and inherent difficulty of testimony-based offers of proof and, ultimately, the uncertainty of a jury verdict in their favor, or the extent of the same.
>
>8. Plaintiff believes that the amounts he will receive pursuant to this settlement reflect a substantial portion of or more than what he could expect to recover if he were to prevail at trial.

(Doc. 16 ¶¶ 1-8.)

The court finds that plaintiff's Complaint represents a bona fide dispute over FLSA provisions, namely FLSA coverage and the amount of his backpay. In his Complaint, plaintiff alleges that he worked 25 hours of overtime every week from February 2009 until November 2009, a period of over 40 weeks. (Doc. 1 ¶¶ 11-13.) His hourly rate was $12. (*Id.* ¶ 10.) The settlement amount of $1,625 as unpaid overtime wages represents slightly more than 90 hours at $18 per hour.

At the hearing on the parties' Joint Motion, plaintiff's counsel stated that proving the overtime hours worked presented issues of proof and that defendant had asserted a colorable defense that plaintiff was an independent contractor and not an employee. Defendants deny

that plaintiff was not paid for any overtime work and defendants' counsel argued that plaintiff never complained that he had worked overtime hours for which he had not been paid overtime, despite the opportunity to do so.

Based on the parties' representations, the court finds that the parties' settlement is a fair and reasonable resolution of these bona fide disputes. An Order granting the parties' Joint Motion for Approval of Settlement, (doc. 16), will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this 27th day of October, 2011.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE